# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY LYNN FISHER, | : | 1:12-CV-1014 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| DOMINICK DEROSE, *et al.*, | : | |
| Defendant. | : | |

## MEMORANDUM

### March 12, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 34), filed February 21, 2013, which recommends that we grant the collective Defendants' Motion to Dismiss (doc. 19) and dismiss the Plaintiff's Complaint (doc. 1). Objections to the R&R were due on or before March 7, 2013 and to date none have been filed. Thus, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety and dismiss the Plaintiff's Complaint with prejudice.

## I.     STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.     DISCUSSION

*Pro se* Plaintiff Gary Lynn Fisher ("Fisher") filed a Complaint (doc. 1) and initiated this matter on May 30, 2012. Fisher is a state prisoner currently housed at State Correctional Institution ("SCI") Forest in Marienville, Pennsylvania. In May of 2012, Fisher was held at Dauphin County Prison pending trial on robbery and other related charges. During that time, the trial court endeavored to provide Fisher with several legal resources. Fisher was offered court-appointed counsel, which he rejected, and stand-by counsel was assigned to assist Fisher in his *pro se* defense.

The trial court additionally instructed prison officials to provide Fisher with access to the county's jail law library. The core of Fisher's claim is that the Defendants[1] violated his constitutional rights and the trial court's order by failing to provide sufficient access to the library. For the reasons that follow, we agree with Chief Magistrate Judge Carlson that the Plaintiff has not stated a legally cognizable constitutional claim against the Defendants for both reasons set out in the R&R.

Magistrate Judge Carlson first concluded that Fisher's request for wide-ranging injunctive relief, which includes requests for placement of a paralegal or other legal assistant in the Dauphin County jail law library and an order granting supplemental law library access to the Plaintiff, is moot in light of the fact that Fisher is no longer housed at the Dauphin County Prison and has been transferred to SCI Forest. As Judge Carlson cogently and correctly observed, "in a case. . . where an inmate seeks injunctive relief against his jailers but is later transferred from the prison where those injunctive claims arose," his claims for injunctive relief are generally mooted. (Doc. 34, p. 8 (citing *Fortes v. Harding*, 19 F. Supp. 2d 323, 326 (M.D. Pa. June 25, 1998)). Fisher's claims are thus barred for this threshold reason, independent of any merits inquiry.

---

[1] The Complaint names as Defendants the following: Connie Orosz, Dominick L. Derose, Jeffrey T. Haste, Michael H.W. Pries, and George P. Hartwick, III. Because the Complaint makes no allegations against these parties separately or individually, they will be referred to collectively as "Defendants" herein.

Fisher's constitutional claim nonetheless fails a merits analysis as well. The Supreme Court has held that to sustain a claim for denial of access to the courts, a right recognized by the United States Supreme Court in *Bounds v. Smith*, 430 U.S. 817 (1977) and expounded upon in *Lewis v. Casey*, 518 U.S. 343 (1996), a prisoner must establish an actual denial of access to legal resources which caused him to suffer some injury or prejudice and that the underlying claim or theory which he sought to prosecute was not frivolous. *See Monroe v. Beard*, 536 F. 3d 198, 205-06 (3d Cir. 2008). In that vein, courts have held outright that access to court claims fail where the defendant has access to counsel. *See Tinsley v. Del Rosso*, 2008 U.S. Dist. LEXIS 43259, *10-11 (D.N.J. May 30, 2008) (collecting cases). Fisher, through counsel, had more than adequate access to the courts and legal resources. Because it is undisputed that Fisher was offered appointed-counsel and had access to standby counsel, his constitutional claim fails on the merits.

As we have already noted, neither party has filed objections to the R&R. Upon review of the submissions, we agree with the sound reasoning that led the Magistrate Judge to the conclusions reached in the R&R, and we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge in full; rather, we will attach a copy of

4

the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.[2]

---

[2] We note that on today's date, the Plaintiff filed a document (doc. 36) titled "Notice of Appeal" apparently purposed to advise the Court of his intent to appeal the Magistrate Judge's Report and Recommendation to the Third Circuit Court of Appeals. Because the Report and Recommendation issued on February 21, 2013 is not an appealable final judgment or order, we will direct the Clerk of Court to strike the notice from the docket as the same was and is improvidently filed. However, nothing in this decision shall prohibit the Plaintiff from filing a notice of appeal with respect to the final judgment which shall be entered on today's date, consistent with this memorandum and the Federal Rules of Appellate Procedure.